UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAY J. HUTCHINSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5681** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is the motion[1] of Defendant Terrebonne Parish Consolidated Government to dismiss the complaint of Plaintiffs Ray J. Hutchinson and Gregory C. Maidoh under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). The Parish's motion to dismiss was noticed for submission on December 27, 2023;[2] Plaintiffs' response was due on December 19. *See* LOCAL CIVIL RULE 7.5. Plaintiffs failed to file a timely response. So the Court considers the motion to dismiss unopposed.

The unopposed motion has merit. This 42 U.S.C. § 1983 action arises from property owners' claim that Terrebonne Parish violated their rights under the Equal Protection Clause by failing to force a non-party subdivision developer to remove shrubs partially blocking access to their properties.[3] The relevant facts follow.[4]

---

[1] ECF No. 9.
[2] ECF No. 9-9 at 1.
[3] *See generally* ECF No. 1.
[4] Because this case comes to the Court on Terrebonne Parish's motion to dismiss, the Court draws the facts from the well-pleaded allegations of Plaintiffs' complaint. *See generally Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 190 (5th Cir. 2009).

Plaintiffs own Terrebonne Parish property.[5] They allege that a non-party subdivision developer violated "longstanding" Terrebonne Parish "policy" by planting shrubs in a dedicated public servitude; the shrubs in turn prevent Plaintiffs from accessing their properties from a public road.[6] Plaintiffs allege that they told Terrebonne Parish about the subdivision developer's "illegal plantings" and asked the Parish to "take the appropriate measures."[7] But the Parish allegedly responded that "this is a dispute between Plaintiffs and [the developer]," and said that the Parish "would not take any action" until a court determined the respective property rights.[8]

Dissatisfied with that response, Plaintiffs sued Terrebonne Parish in this Court under Section 1983.[9] Plaintiffs generally allege that the Parish violated their rights under the Equal Protection Clause by not enforcing "longstanding" Parish "policy" against the subdivision developer to require the developer to remove the offending shrubs and "[b]y taking the position" that the matter was a "private" one.[10]

The Parish now moves to dismiss the complaint for failure to state a claim and failure to join the subdivision developer as a required party. *See* FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 12(b)(7). Because the Court resolves the motion under Rule 12(b)(6), the Court does not reach the Parish's arguments under Rule 12(b)(7).

---

[5] ECF No. 1 at ¶¶ 15–16.
[6] *Id.* at ¶¶ 34, 35, 39, 50.
[7] *Id.* at ¶¶ 6, 43.
[8] *Id.* at ¶ 45 (internal quotation marks and alterations omitted).
[9] *Id.* at ¶ 7.
[10] *Id.* at ¶ 51.

To avoid Rule 12(b)(6) dismissal, Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must plead facts that allow the Court to reasonably infer that the Parish "is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court accepts the complaint's well-pleaded factual allegations as true and construes all reasonable inferences in the light most favorable to Plaintiffs. *See Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quotation and citation omitted). But the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quotation and citation omitted).

To state a Section 1983 claim against a municipality like Terrebonne Parish, Plaintiffs must plead facts plausibly establishing that (1) an "official policy" (2) promulgated by a Terrebonne Parish "policymaker" (3) was the "moving force behind" the alleged violation of their constitutional rights. *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (quotation and citation omitted). The "moving force" element requires "direct causation." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (citation omitted). "This means there must be a direct causal link between the policy and the violation." *Id.* (quotation and citation omitted).

Plaintiffs fail to satisfy the "moving force" element. That is because Plaintiffs fail to plead facts plausibly establishing that an "official policy" of the Parish was the "moving force behind"—*i.e.*, the direct cause of—the alleged violation of their equal-protection rights. *Johnson*, 83 F.4th at 946 (quotation and citation omitted). True,

3

Plaintiffs identify what they call a "longstanding" Terrebonne Parish "policy" of not allowing "obstructions to be placed over or across public servitudes that obstruct o[r] diminish the use, or function[,] of the servitude."[11] But Plaintiffs do not allege facts plausibly establishing that this "longstanding policy" directly caused the violation of their equal-protection rights; Plaintiffs allege the opposite—that Terrebonne Parish's *failure to enforce* that "longstanding policy" violated their equal-protection rights.[12]

Plaintiffs fail to state a Section 1983 claim against Terrebonne Parish for an independent reason: They fail to plead an underlying constitutional violation. A Section 1983 claim against a municipality requires "an underlying constitutional violation." *Winder v. Gallardo*, 118 F.4th 638, 647 (5th Cir. 2024) (quotation and citations omitted). But none is plausibly pleaded here. Equal protection is the only constitutional right Plaintiffs invoke. To establish an equal-protection violation based on the Parish's failure to enforce "longstanding policy" against allowing obstructions that diminish the use of public servitudes, Plaintiffs must, at a minimum,[13] plead facts plausibly establishing that the Parish treated them differently from others "similarly situated" and that the differential treatment was "irrational."[14] *Mikeska v. City of Galveston*, 451 F.3d 376, 381 (5th Cir. 2006). They fail to do so.

---

[11] ECF No. 1 at ¶ 50 (quotation omitted).

[12] Plaintiffs do not plausibly allege that Terrebonne Parish has a policy to not enforce, or to selectively enforce, the "longstanding policy" they fault Terrebonne Parish for failing to enforce here.

[13] The Court assumes *arguendo* that Plaintiffs' equal-protection claims are governed by the less stringent analytical framework applicable to land-use decisions. *See generally Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 386–87 (5th Cir. 2008).

[14] To the extent that Plaintiffs intend to plead a selective-enforcement claim, they fail to do so: Plaintiffs do not plead facts plausibly establishing that Terrebonne Parish's acts "were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir. 2000).

Finally, Plaintiffs request a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, and attorney's fees under 42 U.S.C. § 1988. But neither statute creates an independent cause of action. *See In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) (Declaratory Judgement Act); *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012) (per curiam) (Section 1988). Because the Court dismisses Plaintiffs' sole substantive cause of action under Section 1983, the requests for declaratory relief and attorney's fees necessarily fail.

Accordingly,

**IT IS ORDERED** that Terrebonne Parish's unopposed motion[15] to dismiss is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE**. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 24th day of February, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[15] ECF No. 9.